United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Chanel, Inc., Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| The Individual, Partnership, or | )   Civil Action No. 18-61081-Civ-Scola |
| Unincorporated Association a/k/a | ) |
| Fashion Insider a/k/a Dewen | ) |
| Zheng, Defendant. | ) |

## Final Default Judgment and Permanent Injunction

This matter is before the Court upon the Plaintiff's Motion for Default Judgment (ECF No. 39). The Plaintiff has moved for a default judgment consistent with Federal Rule of Civil Procedure 55(b)(2). The Clerk of the Court entered a default under Rule 55(a). (Clerk's Default, ECF No. 36.)

"A defendant, by his default, admits the plaintiff's well-pleaded allegations of fact," as set forth in the operative complaint. *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009) (internal quotation marks and citations omitted). However, "a sufficient basis must still exist in the pleadings to state a claim before a court may enter a default judgment." *Under Armour, Inc. v. 51nfljersey.com*, No. 13–62809–CIV, 2014 WL 1652044, at *4 (S.D. Fla. Apr. 23, 2014) (Rosenbaum, J.) "A defendant's default does not in itself warrant the court entering a default judgment." *Luxottica Grp. S.p.A. v. Individual, P'ship or Unincorporated Ass'n*, No. 17-CV-61471, 2017 WL 6949260, at *2 (S.D. Fla. Oct. 3, 2017) (Bloom, J.) (quotation marks, alterations, and citations omitted). A defendant is "not held to admit facts that are not well pleaded or to admit conclusions of law." *Id*.

The Court has reviewed the Plaintiffs' motion, the record, and the relevant legal authorities. The Court finds that the Plaintiffs have established the facts necessary to enter default judgment. Accordingly, it is **ordered and adjudged** that the Plaintiff's Motion for Default Judgment (**ECF No. 39**) is **granted**. Judgment is hereby entered in favor of the Plaintiff, Chanel, Inc. ("Plaintiff"), and against the Defendant the Individual, Partnership, or Unincorporated Association a/k/a Fashion Insider a/k/a Dewen Zheng d/b/a the domain names identified on Schedule "A" attached hereto (collectively "Defendant"), on all counts of the First Amended Complaint (ECF No. 13) as follows:

1. **Permanent Injunctive Relief:**

    The Defendant and its officers, directors, employees, agents, subsidiaries, distributors, and all persons acting in concert or participation with them are hereby permanently restrained and enjoined from:

    a. manufacturing or causing to be manufactured, importing, advertising, or promoting, distributing, selling or offering to sell counterfeit and infringing goods bearing the Plaintiff's trademarks, or any confusingly similar trademarks identified in Paragraph 17 and Schedule "B" of the First Amended Complaint (the "Chanel Marks");

    b. using the Chanel Marks in connection with the sale of any unauthorized goods;

    c. using any logo, and/or layout which may be calculated to falsely advertise the services or products of the Defendant as being sponsored by, authorized by, endorsed by, or in any way associated with the Plaintiff;

    d. falsely representing themselves as being connected with the Plaintiff, through sponsorship or association;

    e. engaging in any act which is likely to falsely cause members of the trade and/or of the purchasing public to believe any goods or services of the Defendant are in any way endorsed by, approved by, and/or associated with the Plaintiff;

    f. using any reproduction, counterfeit, copy, or colorable imitation of the Chanel Marks in connection with the publicity, promotion, sale, or advertising of any goods sold by the Defendant;

    g. affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent goods offered for sale or sold by the Defendant as being those of the Plaintiff or in any way endorsed by the Plaintiff;

    h. otherwise unfairly competing with the Plaintiff;

    i. using the Chanel Marks, or any confusingly similar trademarks, within domain name extensions, metatags or other markers within website source code, from use on any webpage (including as the title of any web page), from any advertising links to other websites, from search engines' databases or cache memory, and from any

       other form of use of such terms which is visible to a computer user or serves to direct computer searches to websites and social media accounts registered by, owned, or operated by the Defendant; and

j.   effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth above.

2. **Additional Equitable Relief:**

The Plaintiff is additionally entitled to the following equitable relief:

a.   In order to give practical effect to the Permanent Injunction, the Subject Domain Names are hereby ordered to be immediately transferred by the Defendant, its assignees and/or successors in interest or title, and the Registrars to the Plaintiff's control. To the extent the current Registrars do not facilitate the transfer of the Subject Domain Names to the Plaintiff's control within five (5) days of receipt of this judgment, the Registries shall, within thirty (30) days, change the Registrar of Record for the Subject Domain Names to a Registrar of the Plaintiff's choosing, and that Registrar shall transfer the Subject Domain Names to the Plaintiff;

b.   Upon the Plaintiff's request, the top level domain ("TLD") Registry for each of the Subject Domain Names, or their administrators, including backend registry operators or administrators, within thirty (30) days of receipt of this Order, shall place the Subject Domain Names on Registry Hold status for the life of the current registration, thus removing them from the TLD zone files maintained by the Registry which links the Subject Domain Names to the IP addresses where the associated websites are hosted;

c.   The Defendant, its agent(s) or assign(s), shall assign all rights, title, and interest, to the Subject Domain Names to the Plaintiff and, if within five (5) days of receipt of this Order the Defendant fails to make such an assignment, the Court shall order the act to be done by another person appointed by the Court at the Defendant's expense, such as the Clerk of Court, pursuant to Federal Rule of Civil Procedure 70(a);

d.   Upon the Plaintiff's request, the Defendant, and any Internet social media website operators and/or administrators for the social media accounts, including but not limited to Instagram.com and Facebook.com, shall disable and/or cease facilitating access to the social media accounts, advertisement campaigns, including any other alias social media accounts and user names being used and/or controlled by the Defendant to engage in the business of

      advertising, marketing, offering to sell and/or selling goods bearing counterfeits and infringements of the Chanel Marks;

    e.    Upon the Plaintiff's request, the Defendant, and any messaging service or social media platform operators and/or administrators for the social media accounts, including but not limited to Instagram.com and Facebook.com, shall permanently remove any and all listings and associated images of goods bearing counterfeits and/or infringements of the Chanel Marks via the social media accounts, advertisement campaigns, and any other alias social media account and user names being used and/or controlled by the Defendant to promote, offer for sale and/or sell goods bearing counterfeits and/or infringements of the Chanel Marks; and

    f.    Upon the Plaintiff's request, the Defendant shall request in writing permanent termination of any messaging service, social media accounts, and advertisement campaigns it owns, operates, or controls related to this matter on any messaging service and social media platform specifically including but not limited to, Instagram.com and Facebook.com.

3. **Statutory damages** in favor of the Plaintiff pursuant to 15 U.S.C. § 1117(c) are determined to be $2,000,000.00 against the Defendant, for which let execution issue.

4. Interest from the date of this judgment shall accrue at the legal rate. *See* 28 U.S.C. § 1961.

5. The bond posted by the Plaintiff in the amount of $10,000.00 (ECF No. 20) is **ordered to be released** by the Clerk.

6. The Court retains jurisdiction to enforce this judgment and permanent injunction.

7. The Clerk is directed to **close** this case.

    **Done and ordered** in chambers at Miami, Florida, on January 31, 2019.

                                                     Robert N. Scola, Jr.
                                                     United States District Judge

## SCHEDULE "A"
## SUBJECT DOMAIN NAMES

| |
|---|
| blingshopo.com |
| buyinglover.com |
| buying-lovers.com |
| chic-expert.com |
| cover-vogue.com |
| everwanting.com |
| faddish-store.com |
| fad-leader.com |
| fancy-time.com |
| forever-classic.com |
| forevshop.com |
| forevstyle.com |
| gogobuyi.com |
| icons-style.com |
| leading-fashion.com |
| mallaba.com |
| mallabd.com |
| mallabe.com |
| mallabf.com |
| mallabg.com |
| mallabh.com |
| mallabn.com |
| mallabp.com |
| mallabt.com |
| malluig.com |
| malluin.com |
| mallyid.com |
| mallyie.com |
| mallyif.com |
| mallyig.com |
| mallyih.com |
| mallyim.com |
| nic-chic.com |
| other-swag.com |
| saleabf.com |
| salehgn.com |
| saleiue.com |

| |
|---|
| salelea.com |
| saleleb.com |
| salelec.com |
| salelee.com |
| salelef.com |
| saleleg.com |
| saleleh.com |
| salelei.com |
| salelek.com |
| salelen.com |
| salepoa.com |
| salexac.com |
| salexae.com |
| salexag.com |
| saleyua.com |
| saleyub.com |
| saleyuc.com |
| saleyud.com |
| saleyue.com |
| saleyuf.com |
| saleyug.com |
| shophuc.com |
| shopohour.com |
| shopping-hour.com |
| shopyrb.com |
| shopyrc.com |
| shopyrh.com |
| shopyrl.com |
| stylelasts.com |
| styleshopo.com |
| stylish-book.com |
| super-vogue.com |
| trendy-mall.com |
| vogueview.com |
| watch-selling.com |
| winking-shop.com |
| allwanna.com |
| chic-charmer.com |
| chic-league.com |
| fashion-hot.com |
| fetch-store.com |

| |
|---|
| high-vogue.com |
| hot-starship.com |
| mylovely-magic.com |
| salebgb.com |
| salebgc.com |
| salebgd.com |
| salebge.com |
| salebgf.com |
| salebgg.com |
| salebgl.com |
| salebgn.com |
| salebgz.com |
| sellgua.com |
| sellgub.com |
| sellguc.com |
| sellgue.com |
| sellguo.com |
| shophua.com |
| shop-vogue.com |
| shopyia.com |
| shopyib.com |
| viveshore.com |